UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SCOTT DURNIN                                                    CIVIL ACTION

VS.                                                             NO. 2:18-CV-3353

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA

**COMPLAINT**

The Complaint of Scott Durnin respectfully alleges:

1. This is a claim for ERISA long term disability benefits.

2. This Court has jurisdiction and venue under 29 U.SC. Sec. 1001 et. Seq; 29 U.S.C. Sec. 1132(e)(1)(2).

3. Plaintiff, **Scott Durnin**, of lawful age and a resident of Metairie, Louisiana, is a plan participant and beneficiary of an ERISA plan created by his employer, HCA Management Services, LP and an insured participant of a group disability policy issued by Prudential Insurance Company of America.

4. Defendant, **Prudential Insurance Company of America ("Prudential")**, is a foreign corporation, doing business in Louisiana. Upon information and belief, Prudential is incorporated in Newark, New Jersey, and its principal place of business is in the state of New Jersey.

5. Prudential issued a group contract, No. G-44028-TN-1, insuring the employees of HCA Management Services, LP. Plaintiff is a beneficiary and insured under the policy.

6. ERISA mandates that all plan administrators discharge their duties in the interest of plan participants and beneficiaries. 29 USC Sec. 1104(a)(1).

1

7. Plaintiff filed a claim for disability benefits with the Plan because his medical condition precluded him from continuing to perform the duties of his job on a fulltime basis.

8. Plaintiff was forced to stop working as a PACU nurse due to severe health problems including severe scoliosis for which he has undergone four major surgeries, severe inflammation, shoulder pain, and abdominal issues. He suffers from very limited range of motion, severe back pain, radiculopathy, numbness, all of which prevent him from maintaining fulltime employment. He also suffers from comorbidities such as hand pain, shoulder pain, and abdominal pain.

9. Plaintiff suffers from failed back surgery, and has had multiple revisions without relief of his debilitating pain. He has sought treatment from some of the best doctors in the country, including a neurosurgeon at the University of Virginia who specializes in complex spinal surgery, such as Plaintiff's condition. His treating doctor has called Plaintiff's back condition one of the worst cases he has seen in his career.

10. Plaintiff's medical records demonstrate severe bilateral stenosis, functional impairment, radiculopathy, as well as persistent worsening pain despite multiple surgeries. His doctors have explained to Prudential that he is unable to return to work due to the severity of his condition. They have also explained that he has increasing pain due to a fracture in one of the brackets in Plaintiff's spine, which Prudential has essentially ignored. His doctors opinions have been substantiated by a Functional Capacity Examination which resulted in the examiner's opinion that Plaintiff is unable to return to work given the functional testing demonstrated during the examination. The medical evidence on file overwhelming demonstrates that Mr. Durnin is unable to perform any occupation, much less his previous occupation as a PACU nurse.

11. Plaintiff is disabled under the terms of the disability policy issued by Prudential.

12. Prudential unlawfully denied Plaintiff benefits he is entitled to under terms of the disability policy.

13. Plaintiff appealed the denial, but Prudential upheld its previous decision. Plaintiff's appeal included updated medical records showing an updated spine, letters from his treating providers supporting his inability to return to work, an FCE report demonstrating the inability to tolerate fulltime work, among other relevant information.

14. Prudential denied the appeal by relying on the opinion of a peer reviewing physician whose opinion contradicts and misrepresents information contained in Mr. Durnin's medical records. Prudential also misrepresented that Plaintiff's treating doctor refused to speak with the peer reviewing doctor, which is untrue.

15. Plaintiff requested additional review of the denial of the claim, providing Prudential with medical records demonstrating that he required yet another emergency revision surgery in January 2018 due to instability in his spine, which demonstrated that Prudential's peer reviewer's opinion that Durnin's spine was stable was clearly inaccurate. Durnin also pointed out information in his medical records that is contrary to the peer reviewer's statement. Durnin also provided a letter from his doctor describing misrepresentations made by the peer reviewer.

16. Prudential again denied the claim based on the new information provided, arguing that although disabled now, Mr. Durnin should have been able to return to work during a previous one-year period. Plaintiff responded, explaining that he was unstable during this period, which is consistent with his pain complaints and the fact that a previous fusion had

never fused. Prudential refused to consider any new information and stated that its decision was final.

17. Prudential's denials are based on insubstantial evidence and are arbitrary and an abuse of discretion.

18. Plaintiff has exhausted his administrative remedies and now timely files this suit to reverse Prudential's denial of benefits.

19. Prudential has misrepresented information in its denial letters and the peer review it relies on to deny the claim misrepresents facts in light of what actual medical records demonstrate.

20. Prudential has abused its discretion as plan administrator by denying Plaintiff's claim for disability benefits in bad faith.

21. Prudential has abused its discretion by failing to consider the disabling, synergistic effect of all of Plaintiff's medical conditions.

22. Prudential has abused its discretion by failing to consider his medical condition in relation to the actual duties of his occupation or the actual duties of alternative occupations. Prudential has abused its discretion by suggesting Plaintiff is able to perform alternative occupations that would not pay gainful wages as required by the policy and La. R.S. 22:990, and for which Mr. Durnin lacks the residual functional capacity.

23. Prudential administered Plaintiff's claim with an inherent and structural conflict of interest as Prudential is liable to pay benefits from its own assets to Plaintiff, and each payment depletes Prudential's assets.

24. Prudential has failed to give the policy and Plan a uniform construction and interpretation.

25. Prudential chooses to conduct reviews of denied claims in order to maintain strict control over its risk of loss and to maintain higher profit margins than if a financially independent third party decided the appeals.

26. As a routine business practice, Prudential uses the appeals process to support initial benefit denials rather than to review impartially whether it should reverse appealed denials.

27. Prudential's administration of this claim corrupts any reasonable meaning of "full and fair review" that ERISA requires.

28. Plaintiff has been denied the benefits due to him under the Plan, has suffered, and is continuing to suffer economic loss as a result.

29. Plaintiff is entitled to an award of interest on all money that Defendants should have paid to Plaintiff.

30. Defendants' denial has required Plaintiff to hire attorneys to represent him in this matter to recover benefits due to him under the Plan.

31. Alternatively, this claim is not governed by ERISA because Plaintiff's disability policy was part of a non-ERISA plan, so Plaintiff's disability claims are governed by Louisiana law.

**WHEREFORE**, Plaintiff prays for judgment against each Defendant as follows:

1. For all benefits due Plaintiff in the past and future under the Plan, plus pre- and post-judgment interest;
2. For all reasonable attorney fees;
3. For costs of suit; and

4. For all other relief as the facts and law may provide.

                Respectfully submitted,

                <u>/s/ Reagan Toledano</u>
                Willeford & Toledano
                Reagan L. Toledano (La. 29687)
                James F. Willeford (La. 13485)
                201 St. Charles Avenue, Suite 4208
                New Orleans, Louisiana 70170
                (504) 582-1286; (f) (313)692-5927
                rtoledano@willlefordlaw.com